IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WILSON A. YOUNG, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12CV866 |
| | ) | |
| CAROLYN W. COLVIN,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Wilson Young, Sr. ("Plaintiff") brought this action pursuant to Section 205(g) of the Social Security Act (the "Act"), as amended (42 U.S.C. § 405(g)), to obtain judicial review of a decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits under Title II of the Act. Defendant now seeks dismissal of Plaintiff's claims for failure to prosecute.

I.  PROCEDURAL HISTORY

Plaintiff protectively filed his application for Disability Insurance Benefits on August 10, 2009, alleging a disability onset date of October 12, 2009. (Tr. at 12.)[2] His application was

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Transcript citations refer to the Administrative Transcript of Record filed manually with the Commissioner's Answer [Doc. #12].

denied initially (Tr. at 95, 97-101) and upon reconsideration (Tr. at 96, 105-07). Thereafter, he requested a hearing de novo before an Administrative Law Judge ("ALJ"). (Tr. at 108.) Present at the hearing, held on May 16, 2011, were Plaintiff, his attorney, and an impartial vocational expert. (Tr. at 12.) The ALJ ultimately determined that Plaintiff was not disabled within the meaning of the Act (Tr. at 22) and, on June 26, 2012, the Appeals Council denied Plaintiff's request for review of the decision, thereby making the ALJ's conclusion the Commissioner's final decision for purposes of judicial review (Tr. at 1-5).

Plaintiff timely filed his *pro se* action in this court on August 13, 2012. (Compl. [Doc. #2].) On November 27, 2012, both parties received notice of the Court's scheduling order in the case, which required Plaintiff to file within 45 days (1) "a motion for a judgment reversing or modifying the decision of the Commissioner of Social Security, or remanding the cause for a rehearing," and (2) a brief of no more than 20 pages citing record evidence in support of his motion. [Doc. #13.] The order also required Defendant to respond to Plaintiff's motion and brief within 60 days of Plaintiff's filing. (Id.)

On January 14, 2013, the deadline set in the scheduling order passed without Plaintiff filing a dispositive motion or a request for an extension of time to do so. However, on January 28, 2013, the Court received a short letter, dated December 20, 2012, forwarded by Plaintiff from Dr. Fred D. McQueen, Jr. [Doc. #14.] Dr. McQueen indicated that, in his "professional opinion . . . Mr. Young is disabled for any gainful employment[,]" but that he "was not the attending physician prior to October 15, 2012." (Id.)

On March 28, 2013, Defendant responded by filing the motion to dismiss for lack of prosecution now before the Court. She argues that Plaintiff's failure to file a motion or brief as set out in the scheduling order merits dismissal of his claims. Plaintiff responded to Defendant's motion by forwarding another copy of Dr. McQueen's letter, which he feels conclusively entitles him to disability benefits. (Pl.'s Resp. [Doc. #18].) He also contends that the letter would have arrived prior to the January 14, 2013 filing deadline had the first copy not been lost in the mail. (Id.)

II.     DISCUSSION

Federal Courts have the inherent power to dismiss an action for failure to prosecute either sua sponte or on the motion of a party. Link v. Wabash Railroad Co., 370 U.S. 626, 629-32 (1962); see also Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Id. at 629-30. In the present case, Plaintiff claims that, despite his failure to comply with the Court's scheduling order, his case should not be dismissed because (1) he attempted to comply with the order, and (2) the new opinion evidence he submitted shows that he was disabled as of 2007. (Pl.'s Resp.)

Unfortunately for Plaintiff, timing alone nullifies any impact Dr. McQueen's opinion may have on his pending case. The ALJ, whose decision Plaintiff challenges here, determined that Plaintiff was not disabled from October 12, 2009, his alleged onset date, through the date of the decision, May 26, 2011. (Tr. at 22.) All further review of Plaintiff's claims, including review by the Appeals Council and this Court, is limited by these dates. See 20 C.F.R. § 404.970(b)

3

(providing that the Appeals Council considers new and material evidence "only where it relates to the period on or before the date of the [ALJ's] hearing decision").  Although Plaintiff asserts that Dr. McQueen ties his finding of disability to Plaintiff's 2007 job injury, the letter makes clear that, while Dr. McQueen found Plaintiff unable to sustain employment as of October 15, 2012, he was not Plaintiff's attending physician prior to that date and therefore could not speak to his condition during earlier times. [Doc. #14.] Accordingly, Dr. McQueen's October 2012 opinion does not, and cannot, affect the decision as to whether Plaintiff was disabled on or before the date of the ALJ's decision.

In short, even if Plaintiff had timely-filed Dr. McQueen's letter, the letter itself provides no basis for remand.  Moreover, as Defendant correctly argues, the letter is neither a motion or a brief as explicitly described in the Court's scheduling order and required by Local Rules 7.1, 7.2, and 7.3.  These factors, along with Plaintiff's failure to timely-file or seek an extension of time to do so, further support dismissal of Plaintiff's case.  As a final matter, the Court notes that the above findings, while fatal to Plaintiff's present case, in no way affect his ability to pursue a new disability claim in the future or his ability to use Dr. McQueen's opinion, along with any other new medical evidence, in this process.

IT IS THEREFORE RECOMMENDED that the Defendant's Motions to Dismiss [Doc. #15] be GRANTED, and that this action be DISMISSED.

This, the 18th day of August, 2014.

/s/ Joi Elizabeth Peake  
United States Magistrate Judge